# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TOVA GANZ,

*Plaintiff,*

v.

NHS HUMAN SERVICES, INC., *et al.*

*Defendants.*

CIVIL ACTION
NO. 17-00162

## <u>ORDER</u>

**AND NOW**, this 7th day of April, 2017, it is hereby **ORDERED** that:

1. The Clerk of Court shall **REMAND** this case to the Court of Common Pleas of Philadelphia County;[1]

2. This case shall be **CLOSED** for statistical purposes.

---

[1]     On November 17, 2016, Plaintiff Tova Ganz sued several Defendants under state law for negligence and negligent supervision in the Court of Common Pleas of Philadelphia County.  (ECF No. 1-1.)  Among the Defendants are NHS Human Services, NHS, Inc., NHS II Properties, LLC, NHS III Properties, LLC and NHS Human Services Foundation.  (*Id.*)  Ganz served the Defendants on December 6, 2016.  (ECF No. 1.)  On January 6, 2017, Defendants removed the action to this Court on the basis of diversity jurisdiction; Ganz is a citizen of New York while all of the NHS entities are citizens of Pennsylvania.  (ECF Nos. 1, 1-1.)  On February 6, 2017, Ganz filed a motion to remand, contending that removal was procedurally defective on two bases: (1) Defendants failed to timely file a copy of the notice of removal with the Court of Common Pleas and (2) removal violates the forum defendant rule.  (ECF No. 9.)  Because the forum defendant rule applies and renders the removal defective, the Court remands the case without addressing Ganz's first argument.

Under 28 U.S.C. § 1447(c), a plaintiff may remand an action to state court if removal was "procedurally defective."  *Snider v. Sterling Airways, Inc.*, No. 12–3054, 2013 WL 159813, at *1 (E.D. Pa. Jan. 15, 2013).  "A removal is procedurally defective if, *inter alia*, it violates the 'forum defendant rule.'  Under the forum defendant rule, a civil action that is 'otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"  *Swindell-Filiaggi v. CSX Corp.*, 922 F. Supp. 2d 514, 517 (E.D. Pa. 2013) (quoting 28 U.S.C. § 1441(b)).  "The forum defendant rule prohibits removal when at least one defendant is a citizen of the forum state, because in that situation, the rationale for diversity jurisdiction no longer exists.  With an in-state defendant, the likelihood of local bias is reduced, if not eliminated, and removal to a federal forum is not warranted."  *Allen v. GlaxoSmithKline PLC*, No. 07-5045, 2008 WL 2247067, at *4 (E.D. Pa. May 30, 2008) (citing *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997)).  Because the NHS Defendants are citizens of Pennsylvania, the forum defendant rule prohibits removal on the basis of diversity and remand is proper.

BY THE COURT:


**_/s/ Gerald J. Pappert_**
GERALD J. PAPPERT, J.